JAMES E. HARPER
Nevada Bar No. 9822
SABRINA G. WIBICKI
Nevada Bar No. 10669
**HARPER | SELIM**
1935 Village Center Circle
Las Vegas, Nevada 89134
Phone: (702) 948-9240
Fax:    (702) 778-6600
Email: eservice@harperselim.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARBARA JEAN HUMBLE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY a foreign Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.:   2:21-cv-00237-CDS-VCF<br><br>**STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE AND AGREEMENT FOR PRIVATE AND BINDING ARBITRATION** |

This Stipulation and Order of Dismissal With Prejudice and Agreement for Private and Binding Arbitration (hereinafter "Agreement") is entered into by Plaintiff, BARBARA JEAN HUMBLE ("Plaintiff"), and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has arisen from an November 29, 2016 automobile accident wherein Plaintiff was injured in an automobile accident which culminated in the instant lawsuit. Plaintiff is represented by MAIER GUTIERREZ & ASSOCIATES. State Farm is represented by HARPER | SELIM.

/ / /

Pursuant to the terms of the Agreement for Private and Binding Arbitration (attached as Exhibit "A"), the parties stipulate that this matter be dismissed with prejudice; each party to bear their own costs and attorney fees.

DATED this 17th day of May 2022.

**MAIER GUTIERREZ & ASSOCIATES**

 /s/ Stephen G. Clough

STEPHEN G. CLOUGH
Nevada Bar No. 10549
8816 Spanish Ridge Avenue
Las Vegas, NV  89148
Phone: (702) 629-7900
Fax: (702) 639-7925
*Attorneys for Plaintiff*

DATED this 17th day of May 2022.

**HARPER | SELIM**

*James E. Harper*

JAMES E. HARPER
Nevada Bar No. 9822
SABRINA G. WIBICKI
Nevada Bar No. 10669
1935 Village Center Circle
Las Vegas, NV 89134
Phone: (702) 948-9240
Fax:    (702) 778-6600
*Attorneys for Defendant*

## ORDER

Based on the parties' stipulation **(ECF No. 23)** and good cause appearing, IT IS HEREBY ORDERED that THIS ACTION IS DISMISSED with prejudice, each side to bear its own fees and costs. All hearings, conferences, and deadlines are VACATED. The **Clerk of Court** is directed to **CLOSE THIS CASE.**

_____
UNITED STATES DISTRICT JUDGE

DATED:  May 17, 2022

Exhibit "A"

## AGREEMENT FOR PRIVATE AND BINDING ARBITRATION

This Agreement for Private and Binding Arbitration (hereinafter "Agreement") is entered into by BARBARA JEAN HUMBLE ("Humble"), and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has arisen from a November 29, 2016 automobile accident wherein Humble was injured when the vehicle she was driving was struck by an automobile driven by Michael Lee Cornell which culminated in a lawsuit styled *Barbara Jean Humble v. State Farm Mutual Automobile Insurance* Company, Case A-20-826837-C, in the District Court, Clark County, Nevada, which was later removed to the United States District Court, District of Nevada, Case 2:21-cv-00237-JAD-VCF. Humble is represented by MAIER GUTIERREZ & ASSOCIATES. State Farm is represented by HARPER | SELIM.

The following terms and conditions of this Agreement will become effective upon the signature by the Parties.

1. State Farm issued a policy of automobile insurance to Phyllis Van Leuven and Barbara Humble, Policy No. 024 7940-E06-28G (the "Policy"), which provides, among other coverages, uninsured motor vehicle ("UM/UIM") coverage, subject to all terms, conditions, limitations of the policy and any applicable offsets. The Policy carries UM/UIM limits of $100,000 each person, $300,000 each accident, and $5,000 in Medical Payment Coverage.

2. State Farm previously exhausted Humble's Medical Payment Coverage.

3. At the time of the subject automobile accident, the tortfeasor, Michael Lee Cornell, was driving a 2014 Chrysler Country Touring Van with Bodily Injury limits of $15,000 each person, $30,000 each accident. Humble settled her bodily injury claims arising out of the subject accident against Cornell for $15,000.

4. In an effort to resolve all disputes and controversies between the Parties arising out of and relating to the subject automobile accident and subsequent claims handling, the Parties have agreed to place this matter into private binding arbitration, with all damages capped against State Farm at $100,000 and after all applicable offsets, which is the each person UM/UIM policy

limit available under the State Farm Policy that covers Humble. *State Farm will stop payment on the draft of $28,818 made payable to Plaintiff and her counsel as State Farm's initial offer.*

5. For and in consideration of the mutual covenants and promises made herein, the Parties enter into this Agreement and agree to be bound by its terms as fully stated herein.

6. The Parties agree that the arbitration shall be binding and shall be the sole and final resolution and adjudication of all of Humble's contractual and extra-contractual claims against State Farm, which in any way arise out of or relate to the November 29, 2016 accident, and subsequent claims handling or decision making by State Farm. This clause and mutual promise is of the essence to this Agreement. The arbitrator's decision and award shall be the sole basis for recovery and shall be final and binding. The Parties agree that there shall be no right of appeal of the arbitrator's decision to any trial court, court of appeals, the Nevada Supreme Court, Ninth Circuit, or to any other court, forum, person or entity, or the arbitrator himself. Likewise, the Parties agree that there shall be no right to submit a Motion for Reconsideration or similar or equivalent motion or request to the arbitrator.

7. The arbitrator shall not be informed concerning the "range of award" (discussed below) that the Parties have agreed upon. The arbitrator will only be asked to resolve the issue of Humble's legal entitlement, if any, to UM/UIM proceeds, subject to all terms, conditions, and offsets under Humble's Policy. With liability established against the tortfeasor, Michael Lee Cornell, the arbitrator shall only determine the extent of Humble's damages related to the subject accident by placing a fair and equitable total value on Humble's bodily injury damages (which includes medical specials, any other supported special damages, and general damages). The arbitrator will not be asked to and will not consider any alleged claims handling/decision-making issues or liability for extra-contractual claims, including, but not limited to, breach of the implied covenant of good faith and fair dealing, statutory claims handling violations, or liability for punitive or other extra-contractual damages.

8. The Parties have agreed to use Patrick Chapin, Esq. as the arbitrator of this matter. The arbitrator shall receive a redacted copy of this Agreement to initiate the binding arbitration.

9. Humble, through this Agreement, agrees to dismiss her present lawsuit, with prejudice, that is currently pending in the United States District Court, District of Nevada, Case 2:21-cv-00237-JAD-VCF, with each party to bear its own fees and costs.

10. The Parties shall advise the arbitrator of the Agreement for binding arbitration and proceed in a manner that is agreeable to the Parties and to the arbitrator. The Parties shall not be allowed to conduct any additional discovery under the Federal Rules of Civil Procedure.

11. The Arbitrator will control all aspects of the Arbitration, including the arbitration hearing and all discovery and pre-hearing deadlines. The Arbitrator will hear and control all evidentiary issues. The Parties agree to relax the foundational requirements for the admission of evidence at the arbitration hearing such that all expert reports, deposition transcripts, medical records and billing, and other documents timely disclosed during discovery, may be used and admitted as evidence by either party for any purpose at the arbitration hearing. The Parties further stipulate that all medical records and billing are admissible at the arbitration hearing and that Plaintiff need not call each and every medical doctor at the arbitration hearing to establish the foundational requirements that medical treatment was reasonable and necessary or that medical billing was usual and customary.

12. In accordance with the scheduling order to be issued by the arbitrator, the Parties' arbitration briefs must include a list of witnesses each party intends to call at the arbitration hearing as well as a list of exhibits and other documentary evidence each party intends to use at the arbitration hearing. Any witnesses or documents not timely disclosed in the arbitration are not permitted at the arbitration hearing. Subpoenas can be issued and enforced pursuant to Fed. R. Civ. P. 45. Arbitration briefs and exhibits are to be submitted in accordance with the instructions and desires of the arbitrator.

13. The arbitration hearing will be held on a mutually agreeable date and time, but must be completed within 180 days of the date of this Agreement, unless mutually agreeable to both Parties and extended by the arbitrator for good cause.

14. The arbitration hearing will take place in Las Vegas, Nevada. If circumstances so require, the arbitrator has the discretion to order that the arbitration hearing be conducted via electronic means, such as Zoom.

15. The arbitrator shall issue an arbitration decision and award within 30 days of the arbitration hearing.

16. The arbitration hearing will be held at a mutually agreed upon date.

17. The arbitrator shall be given discretion to conduct the arbitration hearing in an informal and expeditious manner allowing for such testimony or evidence as is needed to reach a decision. The Parties may submit and the arbitrator may consider any and all disclosed medical records and written expert reports in lieu of live expert testimony.

18. Regarding Humble's claim for UM/UIM benefits under her Policy, the "range of award" herein shall be capped at $100,000. The cap derives from the potential payment of Humble's UM/UIM policy limits after all potential offsets. In this matter, State Farm is entitled to $20,000 in offsets, which amount derives from Progressive's tender of its Bodily Injury limits of $15,000 to indemnify Michael Lee Cornell, and $5,000 in Medical Payments Coverage.

19. By way of example, if the arbitrator concludes that the total value of Humble's damages are $60,000, then State Farm will be obligated to pay Humble $40,000 in UM/UIM benefits. By way of second example, if the arbitrator concludes that the total value of Humble's damages are $125,000, then State Farm will be obligated to pay Humble $100,000 (not $105,000) in UM/UIM benefits due to the cap discussed above in paragraph 13. By way of third example, if the arbitrator concludes that the total value of Humble's damages are $20,000 or less, then State Farm will not be obligated to pay Humble anything in UM/UIM benefits.

20. The maximum that State Farm could ever be required to pay Humble under this Agreement is $100,000, which is the remaining each person UM/UIM limits available under her

Policy. Under no circumstances, will State Farm be required to pay Humble any amount that exceeds $100,000.

21. The arbitrator shall not be permitted to make an award of attorney fees, legal costs, or interest to any party. An Offer of Judgment will have no effect.

22. Payments of the sum awarded, as limited by the parameters set forth herein, shall be made no later than 30 days after service of the arbitrator's decision.

23. The Parties agree to share the arbitrator's fees and costs.

24. This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities, and supersedes any prior agreements between the Parties.

25. The terms and conditions of this Agreement may be modified upon the written and mutual agreement of the Parties.

Dated this 16 day of May 2022.        Dated this 16th day of May 2022.

**MAIER GUTIERREZ & ASSOCIATES**        **HARPER | SELIM**

_____            _____
STEPHEN G. CLOUGH                       JAMES E. HARPER
Nevada Bar No. 10549                    Nevada Bar No. 9822
8816 Spanish Ridge Avenue               1935 Village Center Circle
Las Vegas, NV 89148                     Las Vegas, NV 89134
*Attorneys for Barbara Jean Humble*     *Attorneys for State Farm*

Dated this 16 day of May 2022.

_____
BARBARA JEAN HUMBLE